JOHN A. CRAWFORD
Attorney at Law
State Bar No. 40739
P.O. Box 1776
Escondido, California 92033
(760) 294-2401

Attorney for Plaintiff SARA HARRIS

FILED

2008 NOV 17 AM 9: 56

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 2111 WQH AJB

| | |
|---|---|
| SARA HARRIS, | Case No. |
| Plaintiff, | COMPLAINT FOR ENFORCEMENT OF ARBITRATION AGREEMENT |
| v | (9 USC §1 et seq.) |
| SYCUAN BAND OF DIEGUENO MISSION INDIANS, DOES I - X, | |
| Defendants. | |

### JURISDICTION AND VENUE

The Court has jurisdiction over the instant case pursuant to the Federal Arbitration Act, 9 USC §1 et seq.  Venue is proper pursuant to the provisions of 9 USC section 4.

### THE PARTIES

1.     Plaintiff is, and at all times herein mentioned was, a resident of San Diego County.

2.     Defendant Sycuan Band of Diegueno Mission Indians (hereinafter "Tribe") is an Indian Tribe having a governing body duly recognized by the Secretary of the Interior, and are and at all times were, residents of San Diego County.

3.     Plaintiff is ignorant of the true names and capacities of defendant Does 1-10, inclusive, and sues said defendants by such fictitious names.  Defendant will seek leave of the court to amend this complaint alleging the true names of said Doe defendants when the same are ascertained.  Plaintiff alleges that each of said Doe defendants are agents and

1  employees of defendant Tribe, and are responsible in some manner for the damages alleged

2  herein.

3  **BASIS OF ACTION FOR ENFORCEMENT**

4  4.  On November 26, 2004, plaintiff was a patron of the Sycuan Casino, a gaming

5  establishment located in San Diego County and owned and operated by defendant Tribe.

6  5.  At that place and time, plaintiff suffered serious physical injury occasioned by the

7  assaultive conduct of an employee of defendant Tribe.

8  6.  At all times herein mentioned, all claims for damages for physical injuries against

9  defendant Tribe were governed by a "Tort Claims Ordinance" duly enacted by defendant

10  Tribe in June 2004.  A copy of the ordinance is attached hereto as Exhibit A.

11  7.  On March 9, 2005, plaintiff duly filed a claim under the above-referenced ordinance

12  for damages suffered as a result of the incident at the Sycuan Casino.  The claim was initially

13  denied by a tribal representative on April 29, 2005.  On July1 3, 2005, plaintiff appealed the

14  rejection of her claim to the Tribal Gaming Agency.  In a Notice of Decision with cover letter

15  dated December 5, 2005, the Sycuan Gaming Commission certified plaintiff's claim for

16  processing on the merits, pursuant to Section XI of the Ordinance.

17  8.  Plaintiff's claim was set and heard before the Sycuan Gaming Commission on January

18  11, 2007 and January 23, 2007.  By a notice of decision dated September 14, 2007, plaintiff's

19  claim was denied by the Sycuan Gaming Commission.  Plaintiff duly appealed the

20  substantive denial of her claim pursuant to Section XII(G) of the ordinance, which provides

21  that an appeal from a substantive denial is to be heard by an arbitrator selected by the Sycuan

22  Gaming Commission.  The Gaming Commission selected Hon. Gerald Lewis, retired

23  appellate justice, as the arbitrator for plaintiff's claim.  Based upon the record of Gaming

24  Commission proceedings, briefing of the parties, and oral argument, the matter was

25  submitted to Judge Lewis.  On September 30, 2006, Judge Lewis issued his decision and

26  award of arbitrator, awarding plaintiff the sum of $160,000.  A copy of the award is attached

27  hereto as Exhibit B.

28  ///

9.    Section IX(B) of the Tribal Ordinance states that any award, compromise, settlement or determination of a claim under this ordinance shall be final and conclusive on the Tribe. Section IX(B) further states that "the decision of an arbitrator on an appeal may be enforced in the United States District Court for the Southern District of California under the Federal Arbitration Act, 9 USC §1 et seq., ...." Section XIII(A) of the ordinance states that awards shall be paid within thirty (30) days after becoming final and unappealable. More than 30 days have passed since Judge Lewis' final and unappealable award. Plaintiff has complied with all conditions required by her under the Tribal ordinance. Plaintiff has made demand for payment pursuant to the arbitrator's award, and defendant Tribe has failed and refused to comply with the arbitrator's award.

Wherefore, plaintiff requests judgment:

1.    In the amount of $160,000 awarded by the arbitrator herein;

2.    For costs of suit herein incurred;

3.    For such other relief as the court deems just and proper.

Date:  November 14, 2008          Respectfully submitted,

JOHN CRAWFORD
Attorney for Plaintiff SARA HARRIS

I:\PRODUCT\Crawford\Harris.complaint

**EXHIBIT A**

## TORT CLAIMS ORDINANCE

### SYCUAN BAND OF DIEGUENO MISSION INDIANS

BE IT ENACTED BY THE SYCUAN BAND OF DIEGUENO MISSION INDIANS AS FOLLOWS:

I.      TITLE.

This Ordinance shall be entitled the "Sycuan Band of Diegueno Mission Indians Tribal Tort Claims Ordinance."

II.     FINDINGS.

A.      The gaming enterprise of the Sycuan Band of Diegueno Mission Indians ("Tribe") relies on the trust and confidence of its patrons.

B.      The Tribe desires that patrons of the Tribe's gaming enterprise feel safe and secure when on the premises of that enterprise. To that end, the Tribe wants patrons to know that recourse is available to persons who suffer injuries while on the premises of the Tribe's gaming enterprise.

C.      The Tribe endeavors to take all reasonable precautions to protect the health, safety and welfare of Reservation visitors and patrons of Tribal business enterprises, but despite these efforts, accidents occasionally occur.

D.      The Tribe desires to create a remedy by which any person who is injured at or in connection with the operation of a Tribal Gaming Facility as a result of the negligent act or omission of any officer, employee, or agent of the Tribe who was acting within the scope of his or her office, employment, or agency, may be made whole; provided, however, that no claim for punitive damages or attorneys' fees may be asserted against the Tribe or any person acting in an official capacity and within the course and scope of his/her authority as an officer, employee or agent of the Tribe.

E.      The Tribe desires and intends by the enactment of this Ordinance to comply with Section 10.2(d) of the Class III Gaming Compact between the Tribe and the State of California. Accordingly, the effectiveness of this Ordinance shall be contingent upon publication in the Federal Register of a notice that said Compact has been approved or is considered to have been approved by the Secretary of the Interior, and this Ordinance shall take effect as of the effective date of said Compact in accordance with 25 U.S.C. §2710(d)(3)(B).

III.    PURPOSE.

The purposes of this Ordinance are:

A.     To set forth the terms and conditions under which the Tribe will grant a limited waiver of its sovereign immunity to suit solely on claims for money damages resulting from injuries to person or property at the Tribe's Gaming Facility or in connection with the Tribe's Gaming Operation;

B.     To establish time limits, substantive standards, procedures for the filing and prompt and fair adjudication of any claims against the Tribe for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful acts of any Tribal official, agent or employee while acting within the scope of his/her office or employment on the premises of the Tribe's Gaming Facility or in connection with the Tribe's Gaming Operation, and to assure prompt payment of claims determined to be legitimate;

C.     To delegate to the Business Committee the authority to retain the services of a Claims Administrator to investigate, evaluate and negotiate the resolution of claims, to advise the Business Committee regarding claims and to assist in the representation of the Tribe in mediations and evidentiary hearings of contested Claims;

D.     To establish appellate remedies for claims for work-related injuries to employees;

E.     To establish liability insurance requirements for the Tribe's Gaming Operation;

F.     To grant a limited waiver of the Tribe's sovereign immunity solely for claims authorized by this Ordinance or the Tribe's system of insurance and self-insurance for employee claims for compensation for work-related injuries, and filed in compliance therewith, and to the enforcement of judgments and/or awards rendered hereunder; and

G.     To repeal and supersede all previous tort claims ordinances heretofore enacted by the Tribe.

IV.     DEFINITIONS.

A.     "Arbitrator" is the impartial person or entity to whom the Tribe has assigned the authority and responsibility to review and decide appeals from: 1) the Tribal Gaming Agency's confirmation of the rejection of a Claim by the Claims Administrator for failure to timely comply with the procedures established in this Ordinance or to allege a Compensable Injury; 2) the denial by the Business Committee or its designee, or the Tribal Gaming Agency, of a Certified Claim for a Claimant's failure to establish by a preponderance of evidence that the Tribe is liable to the Claimant on a Certified Claim; or 3) the adequacy of an Award granted on a Certified Claim; or 4) the failure of the Tribe or its insurer to timely pay an Award.

B.      "Award" is the financial remedy offered a Claimant by the Business Committee or its designated Claims Administrator to resolve a Certified Claim timely filed under this Ordinance.

C.      "Certified Claim" is a Claim that the Business Committee, either directly or through the Claims Administrator, has certified as complying with all procedural requirements and stating a prima facie case that a Claimant has sustained a Compensable Injury.

D.      "Claim" is the written document, together with such supporting information as a Claimant may wish to provide, alleging a Compensable Injury to person or property that is prepared by the Claimant and delivered to the Business Committee or its designee as provided herein.

E.      "Claimant" is the individual who submits a Claim to the Business Committee or its designee.

F.      "Claims Administrator" means the person or entity designated or retained by the Business Committee to receive, investigate, evaluate and negotiate the resolution of Claims filed under this Ordinance, to assist the Tribe's representatives in mediations and evidentiary hearings on contested Claims, and to advise the Business Committee in the final disposition of Claims.

G.      "Compact" is the Tribal-State Class III Gaming Compact executed by the Governor of California and the Tribe, ratified by the California Legislature, and approved or considered to have been approved by the Secretary of the Interior or an authorized representative thereof on or about May 16, 2000, or such other successor or amended Compact to which the Tribe may become a party.

H.      "Compensable Injury" is an injury to person or property that occurs on the premises of the Tribe's Gaming Facility or in connection with the Tribe's Gaming Operation, the proximate cause of which was the negligent or intentional act of a Tribal official, agent or employee acting in the course and scope of his/her employment by the Tribe and within the scope of his/her authority. "Compensable Injury" does not include any injury allegedly sustained by a Tribal official, agent or employee in connection with his/her employment or performance of official duties, any injury allegedly sustained by a Tribal member or any person eligible for enrollment in the Tribe, any claim for punitive or exemplary damages, any injury proximately caused by a negligent or intentional act that was committed outside the course and scope of the employment and/or authority of a Tribal official(s), employee(s) or agent(s) whose act(s) or omission(s) proximately caused or contributed to the cause of the injury, or any injury proximately caused by the act or omission of any person who is not an officer, employee or agent of the Tribe or who is not otherwise directly subject to the Tribe's direction, supervision or control. For the purposes of this Ordinance, a Claim may not be certified if the person or entity alleged to have been the proximate cause of a Compensable Injury was not, at the time the injury was sustained, an elected or appointed official, employee or agent of the Tribe (not

including an independent contractor). The Tribe specifically disclaims, and shall not be liable or responsible for, any acts or omissions committed by any patron of a Tribal Gaming Facility.

I.      "Gaming Facility" is any building in which Class III gaming activities or gaming operations occur on Indian lands over which the Tribe exercises jurisdiction.

J.      "Gaming Operation" is any business enterprise owned by the Tribe that offers and operates Class III gaming activities on Indian lands over which the Tribe exercises jurisdiction.

K.      "Rejected Claim" is a Claim that the Business Committee or Claims Administrator declines to certify because Claimant has failed to comply with one or more procedural requirements as provided herein, including deadlines for filing Claims or evidence supporting a Claim.

L.      "Business Committee" is the elected body of the Sycuan Band of Dieguiño Mission Indians to which the Sycuan General Council has delegated the authority to enact and implement this Ordinance; provided, however, that for the purposes of this Ordinance, the Business Committee may delegate the performance of its administrative duties hereunder to the Claims Administrator, and references in this Ordinance to "Business Committee" shall also refer to said Claims Administrator to the extent such an entity has been retained and assigned duties hereunder.

M.      "Tribe" is the Sycuan Band of Dieguiño Mission Indians, the federally-recognized Indian tribe with jurisdiction over the Sycuan Indian Reservation. The Sycuan Band of Dieguiño Mission Indians also is known as the Sycuan Band of Mission Indians and the Sycuan Band of Kumeyaay Indians.

N.      "Sycuan Indian Reservation" is all those lands within the exterior boundaries of the Sycuan Indian Reservation in San Diego County, California, and such other lands as hereafter may be acquired for the Tribe by the United States of America.


V.      CLAIMS COVERED BY THIS ORDINANCE.

A.      This Ordinance creates both procedures and substantive rights or causes of action for redress of injuries to person or property proximately caused by the negligent or intentional act(s) or omission(s) by an officer, employee or agent of the Tribe on the premises of the Tribe's Gaming Facility or in connection with the Tribe's Gaming Operation. Only those substantive rights or causes of action and remedies created by this Ordinance are cognizable hereunder, or are within the scope of the Tribe's limited waiver of sovereign immunity.

B.      Except as otherwise specifically provided herein, the Tribe shall be liable, with respect to Claims arising under this Ordinance, in the same manner and to the same

extent as the United States would be liable under like circumstances pursuant to 28 U.S.C. §2674 (the Federal Tort Claims Act), but shall not be liable for interest prior to judgment or for punitive or exemplary damages. If, however, in any case wherein death was caused, and the law of the State of California provides, or has been construed to provide, for damages only punitive in nature, the Tribe shall be liable only for actual or compensatory damages, measured by the pecuniary injuries resulting from such death to the persons, respectively, for whose benefit the action was brought, in lieu thereof. With respect to any Claim asserted under this Ordinance, the Tribe shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the officer, agent or employee of the Tribe whose act or omission gave rise to the Claim, as well as any other defenses to which the Tribe is entitled. In no event shall the Tribe be held liable for damages in excess of Five Million Dollars ($5,000,000.00), and then only to the extent that such damages are covered by insurance required under the terms of the Tribe's Compact.

C.     The Business Committee, or its designee, in accordance with the terms of this Ordinance, may consider, investigate, ascertain, adjust, determine, compromise, arbitrate, mediate, adjudicate, and settle any Claim for money damages against the Tribe for injury or loss of property or personal injury or death occurring on the premises of the Tribe's Gaming Facility or in connection with the Tribe's Gaming Operation, caused by the negligent or wrongful act or omission of any officer, employee, or agent of the Tribe (not including an independent contractor) while acting within the scope of his or her office, employment, or agency, under circumstances where the United States, if a private person, would be liable to a Claimant in accordance with the laws of the State of California as applied to the United States under 28 U.S.C. §§2672 and 2674, as limited hereafter.

D.     The Tribe may be determined to be liable for injury caused by a dangerous condition of its property only if the claimant establishes that the Tribal property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury that was incurred, and that either:

(1) a non-discretionary negligent or wrongful act or omission of an officer, employee, or agent within the scope of his or her office, employment, or agency created the dangerous condition; or

(2) the Tribe had actual knowledge or constructive notice of the dangerous condition and sufficient time prior to the injury to have taken measures to remedy or protect against the dangerous condition.

Notwithstanding the foregoing, nothing in this Ordinance creates any substantive right to relief or consents to the maintenance against the Tribe of any Claim based upon any act or omission on or near any property owned by the Tribe of persons who are not officers, employees or agents of the Tribe acting within the course and scope of their authority and/or employment.

6-21-04 Final Amended Tort Claims Ordinance

The Tribe shall not be liable for injury or damage caused by a condition of its property if it establishes that the act or omission that created the condition was reasonable, based on weighing the probability and gravity of the potential injury against the practicability and cost of taking alternative action to prevent or protect against the risk of injury, or if the Claimant knew or reasonably should have been aware of the condition prior to sustaining the injury upon which the Claim is based.

E.      The Tribe shall not be liable for interest prior to judgment or for punitive damages.  In Claims for wrongful death, the Tribe shall be liable for actual or compensatory damages, measured by the pecuniary injuries resulting from such death to the persons for whose benefit the claim is brought.  Claims for non-pecuniary personal injury not involving death must be personal to the Claimant, and shall be limited to $300,000.  Claims for injury to or loss of property shall be limited to the fair market value of the property immediately preceding the moment of loss or injury.

F.      Nothing in this Ordinance shall be construed to modify or repeal any other Tribal Ordinance, Resolution, or practice regarding workers' compensation or other employee insurance policy.

VI.     CLAIMS EXCLUDED BY THIS ORDINANCE.

A.      This Ordinance does not provide any remedy or forum for alleged injuries caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization.

B.      This Ordinance does not provide any remedy or forum for alleged damages or injuries arising from actual or prospective contractual relationships between the Tribe and other parties.

C.      This Ordinance does not provide any remedy or forum for claims against the Tribe for equitable indemnity or contribution arising from third-party litigation.

D.      This Ordinance does not provide any remedy or forum for claims against the Tribe for punitive or exemplary damages, or attorneys' fees.

VII.    RECOGNIZED TRIBAL DEFENSES.

A.      With respect to any Claim to which this Ordinance applies, the Tribe shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee or agent of the Tribe whose act or omission gave rise to the claim, as well as any other defenses to which the Tribe is entitled, to same extent as such defense would be available to the United States under the Federal Tort Claims Act.

B.    This Ordinance does not provide any remedy for alleged injuries resulting from any act or omission of an officer, employee, or agent that was the result of the good faith exercise of the discretion vested in him or her, or a result of the good faith execution or enforcement of any Tribal, federal, or California ordinance, resolution, law, or rule.

C.    This Ordinance does not provide any remedy for alleged damages or injuries arising from a misrepresentation by an officer, employee, or agent of the Tribe unless such misrepresentation was a result of actual fraud, corruption, or malice, and the Claimant reasonably relied upon such misrepresentation to his/her detriment.

## VIII.  EXCLUSIVE REMEDY.

A.    This Ordinance provides the exclusive procedure, forum, and remedy for pursuit of claims for injury to or loss of property, personal injury or death.  Except as expressly provided herein, this Ordinance does not constitute a waiver of the sovereign immunity of the Tribe or its officers, employees, and agents, and the Tribe reserves all rights for itself and its officers, employees, and agents not expressly waived by this Ordinance.

B.    If any California or federal court construes this Ordinance to constitute a waiver, in whole or in part, of the Tribe's sovereign immunity except in strict accordance with the terms of this Ordinance, this Ordinance shall immediately and without further action become null and void, retroactive to the day prior to the incident or occurrence giving rise to such judicial decision.

## IX.  FINALITY.

A.    Except as otherwise expressly provided herein, any Award, compromise, settlement, or determination of a Claim under this Ordinance must be in writing and approved

1) by the Business Committee if the Award exceeds $100,000;
2) by the Tribal Gaming Agency if the Award is at least $15,000 but no more than $100,000; or
3) by the Claims Administrator if the Award is less than $15,000.

B.    Any Award, compromise, settlement, or determination of a Claim under this Ordinance shall be final and conclusive on the Tribe, except when procured by means of fraud, and subject to the Claimant's right to appeal the rejection or denial of a Claim or the adequacy of an Award as provided in Section XI.C or XII.F.  The decision of an Arbitrator on an appeal may be enforced in the United States District Court for the Southern District of California under the Federal Arbitration Act, 9 U.S.C. §1, et seq.; provided, however, that neither an Arbitrator nor any court shall have jurisdiction to award damages against the Tribe that are not or were not at the time of the injury covered by a policy of liability insurance required under the Compact, or in an amount that exceeds the limits of such policy.

6-21-04 Final Amended Tort Claims Ordinance

C.     The acceptance by a Claimant of any Award, compromise, settlement, or determination of a Claim shall be final and conclusive on the Claimant.  Said acceptance shall constitute a complete release of any present or future claim arising from the same or connected circumstances by the Claimant against the Tribe and its employees and agents whose act or omission gave rise to the Claim.

X.     PRESENTATION OF CLAIMS.

A.     Contents of the Claim.  A Claimant or his or her representative must file a written Claim presenting all material facts relating to the alleged incident and injury.  Upon request to the Claims Administrator, Tribal Gaming Agency, or Casino Security, a claim form will be provided, but a Claimant need not use that form so long as all of the information required by that form is provided.  At a minimum, the written Claim must contain the following:

(1)  the name, mailing address, and telephone number of the Claimant;

(2)  the date, location, and detailed account of the alleged incident or occurrence that gave rise to the Claim;

(3)  the identity or description of all persons involved in the incident or occurrence that gave rise to the Claim;

(4)  the identity or description of all witnesses to the incident or occurrence that gave rise to the Claim;

(5)  the alleged damage or injury suffered, and the compensation requested as of the date of the presentation of the Claim, including the estimated amount of any prospective injury, damage, or loss, together with the basis of computation of the amount claimed; and

(6)  all supporting documentary evidence and written witness statements on which the Claimant intends to rely.

In the event that the Claimant does not possess complete information about the Claim when the Claim is presented, the Claim shall identify the information that Claimant lacks, set forth the reason(s) why the information cannot be presented with the initial submission of the Claim and request that the Claimant's time to complete submission of the Claim be extended by the amount of time, not to exceed 180 days from the date of initial submission, that Claimant anticipates will be required to obtain and submit the additional information.

B.     Penalty of Perjury.  The Claim must be signed by the Claimant under penalty of perjury.  If the Claimant is unable to sign the Claim because of physical or mental incapacity, or because the Claimant is deceased, the Claim must be signed under

6-21-04 Final Amended Tort Claims Ordinance

penalty of perjury by another person with personal knowledge of the contents of the Claim.

     C.    <u>Time Limits on Filing Claim</u>.  Claimant must file his/her Claim with the Business Committee, Sycuan Band of Diegueno Mission Indians, 5459 Dehesa Road, El Cajon, California 92019, or with the Claims Administrator, Post Office Box 609015, San Diego, CA 92160 or such other addressee as the Business Committee may from time to designate.  To be timely submitted, the Claim must be received by the Business Committee or Claims Administrator no later than one hundred eighty (180) calendar days after the date of the alleged incident or occurrence, unless this period is extended by written agreement of the Business Committee or Claims Administrator before the expiration of that initial period or the Claimant is physically or mentally incapable of submitting the Claim within that period.  If the 180th day falls on a Saturday, Sunday, or officially-recognized federal or Tribal holiday, the 180th day shall be deemed to be the next business day.  This time limit is jurisdictional and shall be strictly construed to preclude late-filed Claims.  If the Claim was not timely filed due to the physical or mental incapacity of the Claimant, the Claim must be accompanied by a declaration under penalty of perjury by the Claimant's treating physician attesting to the date upon which Claimant became incapacitated and the date upon which Claimant regained capacity, or an order of a court of competent jurisdiction to the same effect.  The time for filing a Claim will be tolled during the period of incapacity so established.  Otherwise, the Business Committee may relieve a Claimant of untimeliness, at the Business Committee's sole discretion, only if such untimeliness was a result of excusable neglect.

     D.    <u>Amending and Supplementing Claims</u>.  At any time within 180 days after a Claim has been submitted, Claimant may supplement or amend his/her Claim without having to obtain the Tribe's consent, but only if the amendment relates to the same transaction or occurrence that gave rise to the original Claim.  Thereafter, the Claimant may amend the Claim only with the consent of the Business Committee, the Tribal Gaming Agency or the Claims Administrator, depending upon which entity is handling the claim when such leave is requested.

XI.    CERTIFICATION OR REJECTION OF CLAIMS.

     A.    Within thirty (30) calendar days of the receipt of a Claim, the Claims Administrator shall determine whether:

     (1)  the Claim was received  within one hundred eighty (180) calendar days of the alleged incident or occurrence;

     (2)  the Claim as presented substantially complies with the above-described content requirements and is signed under penalty of perjury;

     (3)  the incident or occurrence alleged by the Claim occurred on the premises of the Tribe's Gaming Facility or in connection with the Tribe's Gaming Operation;

(4)  the alleged injury or damage may have been the proximate result of a negligent or wrongful act or omission of any officer, employee, or agent of the Tribe, or that such act or omission may have been a contributing cause of the alleged injury or damage; and

(5)  the Claim seeks a remedy created by and available under this Ordinance.

These determinations shall be made solely for the purpose of certifying the Claim for further proceedings, and shall not constitute a determination of the merits of the Claim.

B.      If the Claim does not meet one or more of the above-listed requirements, the Claim will not be certified.  In such case, the Claims Administrator shall send to the Claimant a written "Rejection of Claim" stating all grounds for the failure to certify the claim.  A Claim that is neither rejected nor certified within sixty (60) days after receipt of the Claim shall be deemed to have been denied.

C.      A Claimant may appeal a Rejection of Claim by submitting a notice of appeal to the Tribal Gaming Agency, 5485 Casino Way, Suite 200, 3rd Floor, El Cajon, California 92019, within the earlier of thirty (30) calendar days from the date of issuance of the Rejection of Claim, or, if no such notice is issued, ninety (90) days after the Claim was delivered to the Business Committee or Claims Administrator.  The Notice of Appeal shall be accompanied by proof under penalty of perjury that a copy of the Notice of Appeal and all supporting documentation was served on the Business Committee or Claims Administrator via first class mail.  The Notice of Appeal shall be accompanied by payment to the Sycuan Gaming Commission of a filing fee of One Hundred Twenty Dollars ($120) and all documentary and other evidence upon which the Claimant bases the contention that the rejection of the Claim was not justified.  The Tribal Gaming Agency shall notify the Claims Administrator of receipt of a Notice of Appeal, and allow the Claims Administrator thirty (30) days from said notification to respond to the appeal.  The Tribal Gaming Agency shall have discretion, but not an obligation, to conduct an evidentiary hearing, in accordance with the provisions of paragraphs C, D and E of section XII below, on the propriety of rejection of the Claim, and shall determine within sixty (60) days after receipt of a Notice of Appeal whether the Claim properly was rejected. The Tribal Gaming Agency shall have discretion to extend both the time to file an appeal and the Claim Administrator's time to respond, by up to 30 days, provided a request for such extension is received within the time allowed for filing the notice or the response.  The Claimant shall have the burden of proving by a preponderance of admissible evidence that rejection of the Claim was improper.  In the event that the Claimant prevails, the Claimant shall be entitled to a refund of the filing fee for the appeal.  In the event the Tribal Gaming Agency upholds the Claims Administrator's rejection of a Claim, the Claimant may further appeal such decision as provided for in Section XII.F below.

D.      Within thirty (30) days after certification of a Claim, the Claims Administrator shall send to Claimant a written "Certification of Claim." The Claims

Administrator thereafter shall conduct such investigation and fact finding as is reasonably necessary to evaluate the merits of the Claim.  In the absence of extraordinary circumstances such as the unavailability of witnesses, unresolved medical issues or non-cooperation of repositories of information, investigation of the Claim should be concluded within one hundred eighty (180) days from the date upon which the written Certification of Claim was issued.  If the Claims Administrator determines that additional time is needed to investigate or evaluate the Claim, the Claims Administrator shall so notify the Claimant, the Tribal Gaming Agency, and the Business Committee, and the Claims Administrator shall have up to an additional 180 days to complete its investigation or evaluation; in the event of such an extension of the time for investigation or evaluation, all subsequent deadlines set in this Ordinance shall be extended accordingly.

XII.    CLAIM INVESTIGATION AND RESOLUTION.

A.      Upon Certification of a Claim, the Claims Administrator shall investigate the Claim to determine its validity and the amount of any legitimate damages, and shall attempt in good faith to resolve the Claim through negotiations with the Claimant; every Certified Claim that the Business Committee or Claims Administrator determines is likely to involve damages of at least $15,000 and which the Claims Administrator is unable to resolve through informal negotiations shall be submitted to mandatory mediation, with each party paying one-half the cost of such mediation. The Claims Administrator hereby is authorized to select and engage mediators.  In the event that the Claim is resolved in the Claimant's favor through mediation, the Tribe shall pay the full cost of the mediation.

B.      If a Certified Claim on its face alleges damages of less than $15,000, the Claims Administrator shall be authorized to render a final decision on the Claim, which decision shall be binding on the Tribe and its insurer.  For Certified Claims alleging damages of at least $15,000, the Tribal Gaming Agency shall render a decision on the Claim, which decision shall be binding on the Tribe and its insurer for Awards of up to $100,000; provided that, in its discretion, the Tribal Gaming Agency may refer the matter to a neutral third-party for hearing and decision, and further provided that Awards of more than $100,000 must be approved by the Business Committee based upon findings of fact, conclusions of law and the recommended decision of the Tribal Gaming Agency or the neutral third party to whom the Claim may have been referred by the Tribal Gaming Agency.

C.      Claims that seek, or that the Claims Administrator determines are likely to involve, at least $15,000 in damages, and which have not been resolved through informal negotiation or mandatory mediation, shall be referred to the Tribal Gaming Agency for further processing.  Upon the request of a Claimant, the Tribal Gaming Agency shall conduct an evidentiary hearing at which the Claimant and the Tribe may appear and present oral testimony and documentary evidence in support of or opposition to the Claim.  A Claimant shall not be entitled to an evidentiary hearing in connection with a Claim involving less than $15,000 in damages, and if a Claimant seeks damages of at

least $15,000 but fails to obtain an Award of at least $15,000, the Claimant shall be liable for the full cost of the evidentiary hearing. In its discretion, the Tribal Gaming Agency may designate as the presiding officer for the hearing either a representative of the Tribal Gaming Agency or a neutral third-party retained through an alternative dispute resolution agency or entity selected by the Tribal Gaming Agency. The Tribal Gaming Agency shall bill the Tribe's share of the cost of any neutral third-party presiding officer to the Sycuan Casino. The Tribal Gaming Agency is hereby authorized to prescribe rules of practice and procedure for the presentation and processing of Certified Claims and for evidentiary hearings. Unless good cause to the contrary is found to exist, the Tribal Gaming Agency shall convene a requested evidentiary hearing within one year after certification of a Claim or six months after receiving the Claimant's request for a hearing, whichever is longer, provided that a Claimant may not request an evidentiary hearing on a Certified Claim unless and until informal negotiations and mandatory mediation have been concluded and failed to resolve the Claim.

D.     The Tribal Gaming Agency shall permit such pre-hearing discovery and may conduct such further independent investigation as it may deem reasonably necessary to ensure presentation of sufficient information to enable the decision-maker to ascertain the relevant facts and applicable law. The Federal Rules of Civil Procedure and the Federal Rules of Evidence shall be used as a guideline for the conduct of discovery, although the Tribal Gaming Agency need not adhere in every respect to those Rules in authorizing depositions, written interrogatories and production of other forms of evidence.

E.     At the evidentiary hearing, a representative of the Tribe or Claims Administrator may cross-examine any witnesses presented by the Claimant, and offer rebuttal evidence. The Claimant shall be entitled to cross-examine any witnesses presented by the Tribe or the Claims Administrator. The Claimant shall have the burden of proving by a preponderance of evidence both that the Tribe is liable for the Claimant's injuries and the compensation due therefor, in accordance with this Ordinance.

F.     Within sixty (60) days after the conclusion of an evidentiary hearing, or within six months of the referral to it of a Claim for which an evidentiary hearing has not been requested or conducted, the Tribal Gaming Agency shall issue written findings of fact, conclusions of law and a decision that will be binding on the Tribe and its insurer as to any Award of up to $100,000. For Awards of greater than $100,000, the findings of fact, conclusions of law and decision shall be recommended to the Business Committee and shall be approved unless the Business Committee determines upon the basis of substantial evidence that the decision was the result of deliberate concealment of a material fact, or clear disregard of the evidence or applicable law. Absent good cause to the contrary, a written final decision on a Certified Claim shall be sent, by certified mail, return receipt requested, to the Claimant and Claims Administrator, within thirty (30) days after issuance of the Tribal Gaming Agency's findings of fact, conclusions of law and final decision or, as to Awards of over $100,000, within ninety (90) days after submission of findings of fact, conclusions of law and a recommended decision to the Business Committee.

6-21-04 Final Amended Tort Claims Ordinance

G.      Appeals. The Claimant may appeal a final decision of the Tribal Gaming Agency upholding rejection of a Claim pursuant to Section XI.C above, or of the Tribal Gaming Agency or Business Committee, as the case may be, as to liability or the amount of damages awarded, based upon the evidentiary record presented to the decision-making body. An appeal shall be initiated by the filing of a Notice of Appeal with the Tribal Gaming Agency within thirty (30) days after receipt of the final decision by the Claimant. The Notice of Appeal shall be accompanied by proof under penalty of perjury that a copy of the Notice of Appeal and all supporting documentation was served on the Business Committee and Claims Administrator via first class mail. The Notice of Appeal shall be accompanied by payment to the Sycuan Gaming Commission of a filing fee of one hundred twenty dollars ($120), and all documentary and other evidence upon which the Claimant bases the contention that the rejection or denial of the Claim, or the amount of the Award, was not justified. Appeals taken pursuant to this Section XII.F shall be to an Arbitrator selected by the Tribal Gaming Agency from Judicial Arbitration and Mediation Services (JAMS), or such other recognized dispute-resolution entity or organization as the Tribal Gaming Agency may choose to utilize. The Arbitrator shall process the appeal in accordance with JAMS Comprehensive Arbitration Rules or, for Claims under $250,000, JAMS Streamlined Arbitration Rules, and shall decide the appeal according to the same standard of appellate review that would apply to the review of an analogous decision of a federal district court by a federal court of appeals. Each party shall bear its own costs, and the fees and costs of the Arbitrator shall be shared equally by the parties.

H.      Appeals from awards or denials of employee claims for work-related injuries. If an employee is dissatisfied with the final award rendered under the Tribe's system of insurance and self-insurance for employee work-related injuries, the employee may appeal that award in accordance with the same procedures, and to the same appellate body, as set forth in Subsection F above, and the appellate body shall decide the appeal in accordance with the same rules and standards, and with the same enforceability, as set forth in said Subsection F.

XIII.   PAYMENT OF AWARDS AND ATTORNEY FEES.

A.      The Tribe shall not be obligated to pay any Award that is not covered by, or exceeds the policy limits of, the Tribe's liability insurance; provided, that the Tribe shall be obligated to pay any portion of an Award on a Certified Claim that is subject to a self-insured deductible. The Tribe's insurer shall pay any cognizable Award in the same manner and at the same time as judgments rendered in the courts of the United States. Awards shall be paid within thirty (30) days after becoming final and unappealable; if an appeal is filed, payment shall be deferred until final disposition of the appeal, after which timely payment shall be made in accordance with such disposition. If the Tribe's position in the appeal is determined to have lacked substantial justification, interest shall be awarded to the Claimant from the date upon which final action was taken on the original Award.

B.      No attorney representing a Claimant pursuant to this Ordinance shall charge, demand, receive, or collect from the Claimant for services rendered on the Claim, fees in excess of twenty-five percent (25%) of any judgment, settlement, or Award rendered or paid by the Tribe or its insurer to the Claimant. Each attorney who appears on behalf of a Claimant must attest under penalty of perjury to his/her compliance with the limitations set forth in this paragraph. By making such attestation, the attorney agrees that if the attestation is false, the Tribe may bring an action against the attorney in either state or federal court to recover the amount of any fees actually charged to the Claimant.

C.      The Business Committee, in its sole discretion, may award a successful Claimant attorneys' fees and costs, subject to the limits of XIII.B above, based on the equities and circumstances of the Claim.

## XIV.  EFFECTIVE DATE.

This Ordinance, as amended, shall be effective on and after the date of its enactment. Upon the effective date of this Ordinance, all previous ordinances permitting the filing of Claims against the Sycuan Band of Diegueno Mission Indians or its officers, agents or employees for injuries to persons or property shall be repealed and of no further force and effect; provided, that this Ordinance, as amended, shall not affect the validity of any Claim arising and timely filed between May 16, 2000 and the effective date of this Ordinance, as amended, but all Claims arising or filed on or after the effective date of this Ordinance, as amended, shall be subject to the procedural and substantive provisions of this Ordinance, as amended.

6-21-04 Final Amended Tort Claims Ordinance

**EXHIBIT B**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

**BEFORE ARBITRATOR**

**HONORABLE GERALD J. LEWIS, RETIRED**

SARAH HARRIS,                          )    Tribal Claim No.  200430703
                                       )
     Claimant,                      )    **DECISION AND AWARD OF**
                                       )    **ARBITRATOR ON APPEAL FROM**
     v.                             )    **A DECISION OF THE SYCUAN**
                                       )    **GAMING COMMISSION**
SYCUAN BAND OF THE KUMEYAAY            )
NATION                                 )
                                       )
     Defendants.                    )
                                       )
                                       )

17  Claimant appeals from a decision of The Sycuan Gaming Commission finding no liability on this

18  Tribal Claim, arising out of an incident that occurred at the Sycuan Casino on November 26,

19  2004.

20        The Decision of the Sycuan Gaming Commission is reversed on appeal on the ground

21  that clear error was committed, and an award is made in favor of Claimant Sara Harris.  It is

22  undisputed and clearly established in the record that a physical altercation took place in the

23  restroom at the Casino and that as a result of that altercation, Ms. Harris was injured.  The

24  evidence is clear that the incident was initiated by a willful act of Casino employee Lariosa

25  consisting of verbal abuse of a customer Ms. Jackson, and that it escalated into a physical

26  confrontation.  It cannot be disputed that Claimant Harris was injured while attempting to

27  prevent further physical contact between Lariosa and Jackson.  For liability purposes it does not

28  matter whether Harris was injured by the movements of Lariosa or Jackson, since the

**DECISION AND AWARD OF ARBITRATOR ON**
**APPEAL FROM A DECISION OF THE SYCUAN**     1
**GAMING COMMISSION**

1  confrontation was instigated by the willful acts of Lariosa and resulted in the injuries to Ms.

2  Harris.  Even if Lariosa's conduct had only been negligent, which was not the case, Lariosa

3  triggered the incident and one of the oldest rules in tort is that "danger invites rescue," so even if

4  Harris' injuries occurred in attempting to prevent harm to Lariosa, there would still be liability.

5  Lariosa's conduct in breach of her duties was willful, and her actions were a clear legal cause (at

6  the very least a substantial factor) of the injuries to Ms. Harris.  Accordingly the arbitrator on

7  appeal makes an award in favor of Claimant Harris in the sum of $160,000, which is clearly

8  supported by the uncontradicted evidence in the record.

9

10  Dated:  September 30, 2008                      Respectfully submitted,

11

12

13                                                By:  _____

                                                     Hon. Gerald Lewis, Arbitrator

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECISION AND AWARD OF ARBITRATOR ON
APPEAL FROM A DECISION OF THE SYCUAN**          2
**GAMING COMMISSION**

1
2
3
4
5
6
7

8                          **BEFORE ARBITRATOR**

9              **HONORABLE GERALD J. LEWIS, RETIRED**

10   SARAH HARRIS,                        )      Tribal Claim No.  200430703
                                          )
11              Claimant,                 )      **DECISION AND AWARD OF**
                                          )      **ARBITRATOR ON APPEAL FROM**
12              v.                        )      **A DECISION OF THE SYCUAN**
                                          )      **GAMING COMMISSION**
13   SYCUAN BAND OF THE KUMEYAAY          )
     NATION                               )
14                                        )
                                          )
15              Defendants.               )
                                          )
16  _____  )

17   Claimant appeals from a decision of The Sycuan Gaming Commission finding no liability on this

18   Tribal Claim, arising out of an incident that occurred at the Sycuan Casino on November 26,

19   2004.

20          The Decision of the Sycuan Gaming Commission is reversed on appeal on the ground

21   that clear error was committed, and an award is made in favor of Claimant Sara Harris.  It is

22   undisputed and clearly established in the record that a physical altercation took place in the

23   restroom at the Casino and that as a result of that altercation, Ms. Harris was injured.  The

24   evidence is clear that the incident was initiated by a willful act of Casino employee Lariosa

25   consisting of verbal abuse of a customer Ms. Jackson, and that it escalated into a physical

26   confrontation.  It cannot be disputed that Claimant Harris was injured while attempting to

27   prevent further physical contact between Lariosa and Jackson.  For liability purposes it does not

28   matter whether Harris was injured by the movements of Lariosa or Jackson, since the

SD\651991.1
**DECISION AND AWARD OF ARBITRATOR ON**
**APPEAL FROM A DECISION OF THE SYCUAN**          1
**GAMING COMMISSION**

1   confrontation was instigated by the willful acts of Lariosa and resulted in the injuries to Ms.

2   Harris.  Even if Lariosa's conduct had only been negligent, which was not the case, Lariosa

3   triggered the incident and one of the oldest rules in tort is that "danger invites rescue," so even if

4   Harris' injuries occurred in attempting to prevent harm to Lariosa, there would still be liability.

5   Lariosa's conduct in breach of her duties was willful, and her actions were a clear legal cause (at

6   the very least a substantial factor) of the injuries to Ms. Harris.  Accordingly the arbitrator on

7   appeal makes an award in favor of Claimant Harris in the sum of $160,000, which is clearly

8   supported by the uncontradicted evidence in the record.

9

10   Dated:  September 30, 2008                          Respectfully submitted,

11

12

13   By: _____

                                                    Hon. Gerald Lewis, Arbitrator

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECISION AND AWARD OF ARBITRATOR ON
APPEAL FROM A DECISION OF THE SYCUAN
GAMING COMMISSION**                    2

JS 44 `(Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| *SAM NABUS* | *SYCUAN BAND OF KUMEYAAY MISSION INDIANS (Sycuan* (handwritten, illegible) |
| **(b)** County of Residence of First Listed Plaintiff  *SAN DIEGO* (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  *SAN DIEGO* (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)  *John A. Chavez, Jr. P.O. Box 1776 Escondido, CA 760-294-2401* | Attorneys (If Known)  **'08 CV 2111 WQH AJB** |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 365 Personal Injury - Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 630 Liquor Laws | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 640 R.R. & Truck | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | | ☐ 371 Truth in Lending | ☐ 650 Airline Regs. | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 660 Occupational Safety/Health | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 690 Other | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | **LABOR** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 710 Fair Labor Standards Act | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 720 Labor/Mgmt. Relations | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | **SOCIAL SECURITY** | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 861 HIA (1395ff) | |
| | | **IMMIGRATION** | ☐ 862 Black Lung (923) | |
| | | ☐ 462 Naturalization Application | ☐ 863 DIWC/DIWW (405(g)) | |
| | | ☐ 463 Habeas Corpus - Alien Detainee | ☐ 864 SSID Title XVI | |
| | | ☐ 465 Other Immigration Actions | ☐ 865 RSI (405(g)) | |
| | | | **FEDERAL TAX SUITS** | |
| | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | ☐ 871 IRS—Third Party 26 USC 7609 | |

*FEDERAL ARBITRATION ACT  9 USC 1 ET SEQ*

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
*9 USC 1, ET SEQ*

Brief description of cause:
*ENFORCEMENT OF ARBITRATION AWARD*

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  *160,000*

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE *11-17-08*

SIGNATURE OF ATTORNEY OF RECORD _(signature)_

**FOR OFFICE USE ONLY**

RECEIPT # *157040*   AMOUNT *$350*   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

*Lite  11/17/08*

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 157090    — TC

## November 17, 2008
## 09:58:19

## Civ Fil Non-Pris
USAO #.: 08CV2111
Judge..: WILLIAM Q HAYES
Amount.:                    $350.00 CK
Check#.: 1992

## Total—>   $350.00

FROM: HARRIS
        VS
        SYCUAN