**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SARA HARRIS,<br><br>                      Plaintiff,<br>  vs.<br>SYCUAN BAND OF DIEGUENO<br>MISSION INDIANS; and DOES 1-X,<br><br>                      Defendant. | CASE NO. 08cv2111 WQH (AJB)<br><br>**ORDER** |

HAYES, Judge:

      The matter before the Court is the Motion to Dismiss for Lack of Jurisdiction (Doc. # 3).

### **Background**

      On November 17, 2008, Plaintiff Sara Harris initiated this action by filing the Complaint (Doc. # 1). The Complaint alleges that Plaintiff "is, and at all times herein mentioned was, a resident of San Diego County." *Complaint,* ¶ 1. The Complaint alleges that Defendant Sycuan Band of Diegueno Mission Indians ("Sycuan") "is an Indian Tribe having a governing body duly recognized by the Secretary of the Interior, and are and all times were, residents of San Diego County." *Id.,* ¶ 2. The Complaint alleges: "The Court has jurisdiction over the instant case pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq." *Id.,* p. 1.

The Complaint alleges that Plaintiff suffered serious physical injury as a result of the conduct of one of Sycuan's employees. The Complaint alleges that at the time, "all claims for damages for physical injuries against [Sycuan] were governed by a 'Tort Claims Ordinance' duly enacted by" Sycuan to comply with section 10.2(d) of the class three gaming compact between Sycuan and the State of California. *Id.,* ¶ 6. The Complaint alleges that Plaintiff filed a claim under the Ordinance for damages. *Id.,* ¶ 7. The Complaint alleges that the Sycuan Gaming Commission ("Commission") certified Plaintiff's claim for processing on the merits, pursuant to the Ordinance, and that on September 14, 2007, Plaintiff's claim was denied by the Commission. The Complaint alleges that Plaintiff appealed the substantive denial of her claim pursuant to the Ordinance, "which provides that appeal from a substantive denial is to be heard by an arbitrator selected by the Sycuan Gaming Commission." *Id.,* ¶ 8. The Complaint alleges that on September 20, 2006, the arbitrator awarded Plaintiff $160,000.00. The Complaint alleges that the arbitration award is final and appealable, yet Sycuan "has failed and refused to comply with the arbitrator's award." *Id.,* ¶ 9. The Complaint alleges that pursuant to the Ordinance, "the decision of an arbitrator on appeal may be enforced in the United States District Court for the Southern District of California under the Federal Arbitration Act." *Id.* The Complaint requests a judgment: (1) "[i]n the amount of $160,000 awarded by the arbitrator herein;" (2) "[f]or costs of suit herein incurred;" and (3) "[f]or such other relief as the court deems just and proper." *Complaint,* p. 3.

On December 12, 2008, Sycuan filed the Motion to Dismiss for Lack of Jurisdiction. On December 19, 2008, Plaintiff filed a Response in Opposition to the Motion to Dismiss (Doc. # 5). On December 29, 2008, Sycuan filed a Reply (Doc. # 7). On February 26, 2009, Plaintiff filed a Supplemental Memorandum, which references additional legal authority "which may be helpful to the court" (Doc. # 8).

## **Analysis**

Sycuan contends that the Complaint alleges that the FAA is the only basis for this Court's subject matter jurisdiction. Sycuan contends that the FAA does not create independent federal question jurisdiction. Sycuan contends that the Complaint raises no federal question

1  because "the mere fact that an Indian Tribe is a party to a dispute that does not arise under the
2  Constitution or laws of the United States does not create a federal question," and a federal
3  question is not created "merely because a claim is based upon a tribal ordinance . . . or stems
4  from events occurring on an Indian reservation." *Mot. to Dismiss,* p. 3 (internal quotations
5  omitted). Sycuan further contends that diversity jurisdiction does not exist "because Sycuan,
6  a federally-recognized Indian tribe, is not a citizen of any state." *Id.* at 3. Sycuan contends
7  that for the foregoing reasons, "this action must be dismissed for lack of jurisdiction." *Id.* at
8  4.

9       Plaintiff contends that Sycuan's Ordinance referenced in the Complaint, arises under
10  the provisions of 28 U.S.C. section 2710, which "requires that any such compact provide for
11  application of civil laws and the allocation of civil jurisdiction necessary for the enforcement
12  of civil laws related and necessary to the regulation of such gaming activity." *Opposition,* p.
13  2. Plaintiff asserts that "[p]ertinent authority holds that the District Court does have subject
14  matter jurisdiction over questions as to whether the tribe has complied with federal gaming
15  statutes."[1] *Id.* at. 2. Plaintiff contends that Sycuan "has by entering into a gaming compact
16  with the State of California, and by its express ordinance in compliance with that compact,
17  submitted itself to jurisdiction of this court for purposes of enforcing the subject arbitration
18  award." *Id.* at 3.

19       Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short
20  and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). "The
21  party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a
22  motion to dismiss for lack of subject matter jurisdiction. . . . Dismissal for lack of jurisdiction
23  is appropriate if the complaint, considered in its entirety, on its face fails to allege facts
24  sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory*
25  *Antitrust Litig. v. Micron Technology, Inc.,* 546 F.3d 981, 985 (9th Cir. 2008). It is not a

---

[1] Plaintiff cites the following "pertinent authority:" *Tamiami Partners v. Miccosukee Tribe of Indians,* 63 F.3d 1030, 1046-48 (11th Cir. 1998), *Maxam v. Lower Siuox Community of Minn.,* 829 F. Supp. 277, 281 (D. Minn. 1993), and *Ross v. Flandreau Santee Sioux Tribe,* 809 F. Supp. 738, 735 (D. S.D. 1992); *Campo v. Band of Mission Indians v. Superior Court,* 137 Cal. App. 4th 175 (2006).

1 federal court's responsibility "to search the record for federal questions; the responsibility
2 belong[s] to the plaintiff. 'Jurisdiction may not be sustained on a theory that the plaintiff has
3 not advanced.'" *Tamiama,* 63 F.3d at 1043 n.45 (quoting *Merrell Dow Pharmaceuticals, Inc.*
4 *v. Thompson,* 478 U.S. 804, 809 n.6 (1986)).

5       The FAA "does not create any independent federal-question jurisdiction." *Carter v.*
6 *Health Net of Cal., Inc.,* 374 F.3d 830, 833 (9th Cir. 2004) (quoting *Moses H. Cone Mem'l*
7 *Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 25 n.2 (1983)). "The mere presence of federal
8 law questions in an underlying arbitration is insufficient to supply an independent basis for
9 federal question jurisdiction over [a] petition to vacate an arbitration award." *Goodman v.*
10 *CIBC Oppenheimer & Co.,* 131 F. Supp. 2d 1180, 1183 (C.D. Cal. 2001) (citing *Minor v.*
11 *Prudential Securities, Inc.,* 94 F.3d 1103 (7th Cir. 1996); *see also Liberty Propane, L.P. v.*
12 *Feheley,* 2006 U.S. Dist. LEXIS 62427 (D. Az. 2006) ("The Federal Arbitration Act does not,
13 in and of itself, confer subject matter jurisdiction over an action to confirm an arbitration
14 award; therefore, it is necessary for the plaintiffs to demonstrate independent grounds for
15 subject matter jurisdiction.").

16       The section in the Complaint entitled "Jurisdiction" alleges that the FAA, 9 U.S.C.
17 section 1, is the basis for this Court's jurisdiction. The only federal law expressly referenced
18 in the Complaint is the FAA. However, as previously discussed, the FAA does not in and of
19 itself sufficient confer federal subject matter jurisdiction over an arbitration award. *See Carter,*
20 274 F.3d at 833. Unlike the cases cited by Plaintiff, the factual allegations in the Complaint
21 do not allege that Sycuan violated any federal law, or that Sycuan violated any law that
22 incorporated federal law.[2] The Complaint does not request that the Court determine whether

---

[2] The cases relied on by Plaintiff are distinguishable. *Maxam* and *Ross* found subject matter jurisdiction on grounds the plaintiffs expressly alleged that the defendants violated the federal Indian Gaming Regulatory Act ("IGRA"), 18 U.S.C. 1166, *et seq.,* by failing to comply with the Act's express provisions. *Maxim,* 829 F. Supp. at 279; *Ross,* 809 F. Supp. at 741-43. *Tamiami* held that plaintiff's breach of contract claim arose under federal law because the tribe's management agreement incorporated relevant provisions of the IGRA as well as federal regulations governing such contracts, and the complaint alleged that the tribe violated those incorporated provisions. 63 F.3d at 1047. *Campo* addressed whether a state court had subject matter jurisdiction over a tribe, which as a sovereign is immune from suit absent its consent, not whether a request to enforce an arbitration award against a tribe creates federal question

1  Sycuan has complied with the federal gaming statutes or other federal law; the Complaint
2  simply requests that the Court enforce an arbitration award, which does not alone create a
3  federal subject matter jurisdiction. *See Goodman,* 131 F. Supp. 2d at 1183. The allegation in
4  the Complaint that an arbitrator's award is enforceable in this Court is insufficient to give rise
5  to subject matter jurisdiction because parties may not agree to invest this Court with subject
6  matter jurisdiction. *See Kolbe v. Trudel,* 945 F. Supp. 1268, 1270 (D. Az. 1996) ("Either
7  subject matter jurisdiction exists or it does not exist, a matter independent of the parties'
8  agreement."). The Court concludes that the Complaint on its face does not allege a federal
9  question. The Court concludes that the Complaint on its face does not allege diversity of
10 citizenship because the Complaint alleges that both parties are citizens of the State of
11 California, and Plaintiff does not assert that diversity of citizenship is a basis for subject matter
12 jurisdiction. In light of the foregoing, the Court concludes that Plaintiff has failed to satisfy
13 her burden of establishing subject matter jurisdiction because the Complaint, on its face, fails
14 to allege that the dispute arises under federal law or diversity of citizenship. The Court grants
15 the Motion to Dismiss.

## **Conclusion**

17 IT IS HEREBY ORDERED that the Motion to Dismiss (Doc. # 3) is **GRANTED.** The
18 above-captioned action is **DISMISSED with leave to amend.** Plaintiff may file a first
19 amended complaint within forty-five (45) days of the date of this Order.

20 DATED: March 2, 2009

**WILLIAM Q. HAYES**
United States District Judge

---

jurisdiction. 137 Cal. App. 4th 175.