# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA HARRIS,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>SYCUAN BAND OF DIEGUENO<br>MISSION INDIANS, DOES 1-X,<br><br>　　　　　　　　　　Defendants. | CASE NO. 08cv2111 WQH (AJB)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss the First Amended Complaint (Doc. # 12).

## **Background**

On November 17, 2008, Plaintiff initiated this action by filing a complaint (Doc. # 1). The complaint sought to enforce an arbitration award totaling $160,00.00 for physical injuries allegedly suffered by Plaintiff as a result of the conduct of one of Defendant's employees. The complaint alleged that the Court had subject matter jurisdiction pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. section 1, *et seq.* On March 2, 2009, this Court issued an order dismissing the complaint for lack of subject matter jurisdiction (Doc. # 10). The Court held that Plaintiff failed to satisfy her burden of establishing subject matter jurisdiction because the complaint, on its face, failed to allege that the dispute arose under federal law or diversity of citizenship. Specifically, the Court found that the complaint asserted the FAA as the basis for subject matter jurisdiction, which does not in and of itself confer subject matter jurisdiction

1  over an arbitration award.

2       On April 1, 2009, Plaintiff filed the first amended complaint ("FAC") (Doc. # 11), which is the operative pleading in this case. The FAC states: "The Court has jurisdiction over the instant case pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq." *FAC,* p. 1. The FAC alleges that "all claims for damages for physical injuries against defendant [] were governed by a 'Tort Claims Ordinance'" ("Ordinance") duly enacted by Defendant. *Id.,* ¶ 6. The FAC alleges that Plaintiff pursued her claim pursuant to the Ordinance, and that Plaintiff ultimately received an arbitration decision awarding Plaintiff the sum of $160,000.00. The FAC alleges that the Ordinance "states that 'the decision of an arbitrator on an appeal may be enforced in the United States District Court for the Southern District of California under the Federal Arbitration Act." *Id.,* ¶ (quoting section IX(B) of the Tribal Ordinance). The FAC alleges that the Ordinance was enacted to comply with the class three gaming compact ("Tribal Compact") between Defendant and the State of California, which in turn derives from the Indian Gaming and Regulation Act ("IGRA"), 25 U.S.C. section 2710, the "Federal enactment governing Indian Gaming regulation." *Id.,* ¶ 10. The FAC alleges: "By failing to honor plaintiff's finally adjudicated claim for damages, pursuant to the [Ordinance], [Defendant] stands in violation of that ordinance, the underlying [Tribal Compact], and the provisions of 25 U.S.C. section 2710." *Id.,* ¶ 12. The FAC seeks a judgment "[i]n the amount of $160,000 awarded by the arbitrator herein." *Id.*

     On April 13, 2009, Defendant filed the Motion to Dismiss for Lack of Jurisdiction. Defendant moves to dismiss the FAC for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. On April 27, 2009, Plaintiff filed the Opposition to the Motion to Dismiss (Doc. # 15). On May 5, 2009, Defendant filed the Reply (Doc. # 16).

///
///
///
///

## **Analysis**

### A.    Subject Matter Jurisdiction

Defendant contends that, like the original complaint, the "FAC identifies the FAA as the sole basis for the exercise of federal jurisdiction," and that the FAA does not bestow federal jurisdiction. *Mot. to Dismiss,* p. 2. Defendant contends that "even if the FAC is construed to assert that the IGRA, the [Tribal Compact], and the Ordinance provide independent bases for the exercise of federal question jurisdiction, those assertions fail as a matter of law." *Id.* Defendant contends that the IGRA "provides no private right of action of the sort brought by [Plaintiff] here." *Id.* (internal quotations omitted). Defendant contends that Plaintiff's "attempt to premise federal jurisdiction on [Defendant's] alleged violation of the Compact fails for a similar reason" because the "Compact does not create rights or obligations that can be enforced by a private citizen like" Plaintiff. *Id.* at 4. Defendant contends that the Ordinance is not a federal law on which the Court's jurisdiction can be based. Based on the foregoing, Defendant requests that the Court dismiss the FAC for lack of subject matter jurisdiction.

Plaintiff contends that the Ordinance was enacted pursuant to the Tribal Compact, and that the Tribal Compact derives from the provisions of the IGRA. Plaintiff therefore contends that the Court has subject matter jurisdiction over the action because it arises from the provisions of the IGRA, and derivative enactments such as the Ordinance. Plaintiff also contends that, pursuant to the Ordinance, Defendant has waived its sovereign immunity with respect to the enforcement of the arbitrator's award.

"The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction. . . . Dismissal for lack of jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory Antitrust Litig. v. Micron Technology, Inc.,* 546 F.3d 981, 985 (9th Cir. 2008).

1    The FAA "does not create any independent federal-question jurisdiction." *Carter v. Health Net of Cal., Inc.,* 374 F.3d 830, 833 (9th Cir. 2004) (quoting *Moses H. Cone Mem'l Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 25 n.2 (1983)). "'As for jurisdiction over controversies touching arbitration,' [the FAA] is something of an anomaly in the realm of federal legislation: 'It bestow[s] no federal jurisdiction but rather requir[es] an independent jurisdictional basis' over the parties' dispute." *Vaden v. Discover Bank,* 129 S. Ct. 1262, 1272 (2009) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.* 128 S. Ct. 1396 (2008)). "[T]he presence of federal questions in an underlying arbitration is insufficient to provide an independent basis for federal question jurisdiction to review an arbitration award under the FAA." *Carter v. Health Net of California,* 374 F.3d 830, 836 (9th Cir. 2004). "'[F]ederal jurisdiction may still lie if the ultimate disposition of the matter by the federal court necessarily depends on resolution of a substantial question of federal law.'" *Id.* (quoting *Luong v. Circuit City Stores,* 368 F.3d 1109, 1111 (9th Cir. 2004)); *see also Carter,* 374 F.3d at 836 ("the grounds asserted for federal review in a well-pleaded petition" determine whether federal jurisdiction exists).

*Wisconsin v. Ho-Chunk Nation,* 463 F.3d 655 (7th Cir. 2006) (abrogated in part on other grounds in *Vaden,* 129 S. Ct. at 1272), is factually analogous to this case. There, the plaintiff filed a federal lawsuit to compel arbitration and to appoint an arbitrator. The plaintiff asserted that the dispute arose out of a tribal gaming compact between an Indian tribe and state, and "since a gaming compact is a creation of federal law and since IGRA governs the scope of the compact, [] this case arises under federal law." *Id.* at 660. The court disagreed, stating:

> The complaint does not present the district court with any claim for a violation of the IGRA, require an interpretation of the IGRA, encompass any of the situations for which the IGRA confers jurisdiction, or even require the district court to address a breach of the compact that was formed pursuant to the IGRA. Wisconsin's complaint simply requests that the district court compel arbitration. Without more, and without incorporating the Nation's underlying complaint in arbitration, this complaint does not present a federal question over which the court has jurisdiction.

*Id.* at 661.

1    In this case, the FAC alleges that Plaintiff arbitrated her claim against Defendant
2 pursuant to the Ordinance, and was awarded $160,00.00. Plaintiff seeks to enforce the
3 arbitration award in this Court. The FAC alleges that the Ordinance was enacted to comply
4 with the Tribal Compact, which is governed by the IGRA. Aside from the conclusory
5 allegation that Defendant "stands in violation of" the Ordinance, the Tribal Compact and the
6 IGRA, the FAC does not allege any facts to support how Defendant violated the IGRA, or any
7 other federal law, by allegedly failing to comply with the arbitrator's award. *FAC,* ¶ 12. This
8 case simply requests that the Court enforce an arbitration award. The FAC, on its face, does
9 not require an interpretation the IGRA or any other federal law in order to determine whether
10 enforcement of the arbitration award is proper. The FAC, on its face, does not require
11 resolution of a substantial issue of federal law in order to resolve the matter. *See Carter,* 374
12 F.3d at 836. The allegation that the Ordinance stated that an arbitrator's award is enforceable
13 in this Court is insufficient to give rise to subject matter jurisdiction because parties may not
14 agree to confer subject matter jurisdiction when none exists. *See Kolbe v. Trudel,* 945 F. Supp.
15 1268, 1270 (D. Az. 1996) ("Either subject matter jurisdiction exists or it does not exist, a
16 matter independent of the parties' agreement."). It is Plaintiff's burden to establish subject
17 matter jurisdiction over this action. *In re Dynamic Random Access Memory Antitrust Litig.,*
18 546 F.3d at 985. The Court concludes that Plaintiff has failed to satisfy this burden because
19 the FAA itself does not create subject matter jurisdiction, and the FAC, on its face, fails to
20 allege a federal question or diversity of citizenship.[1]

---

[1] Plaintiff's reliance on *Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Florida,* 63 F.3d 1030 (11th Cir. 1995), is misplaced. *Tamiami* involved claims for breach of contract against an Indian tribe, and abuse of the licensing authority conferred by the IGRA against an Indian tribe and individual defendants. *Tamiami* held that the claim for breach of contract presented a federal question because the subject contract incorporated the regulations prescribed in the IGRA such that an interpretation of the contract would necessarily require an interpretation of the IGRA. *Tamiami* held that the claims for abuse of licensing authority were directly based on provisions in the IGRA that confer original jurisdiction. Unlike *Tamiami,* this case does not require interpretation of the IGRA in order to resolve the matter, and the IGRA does not confer original jurisdiction over Plaintiff's claim.

### B. Leave to Amend

Plaintiff states : "[s]hould the court require explicit amendment of the complaint to allege bad faith implementation of an IGRA derived ordinance, this can easily and truthfully be accomplished." *Opposition,* p. 3-4. Defendant requests that the Court dismiss the FAC with prejudice on grounds that Plaintiff "has now had two opportunities to demonstrate that her complaint should not be dismissed," and "does not deserve a third."

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is applied with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Once an answer to the complaint has been filed, as is the case here, courts may deny leave to amend where the proposed amendment would be futile, where it is sought in bad faith, where it will create undue delay, or where "undue prejudice to the opposing party will result." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).

Defendant does not assert that amendment is sought in bad faith, will create undue delay, or would prejudice Defendant. The Court grants Plaintiff leave to amend.

### Conclusion

IT IS HEREBY ORDERED that the Motion to Motion to Dismiss the First Amended Complaint (Doc. # 12) **GRANTED.** The above-captioned action is **DISMISSED with leave to amend.** Plaintiff shall file a second amended complaint within forty-five (45) days of the date of this Order.

DATED: June 30, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge